UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KADEEM CORDELL DEBOSE,

    Plaintiff,

v.                                                      Case No. 1:23cv42-AW-HTC

DETECTIVE NANCY MORZOUCK,
ALACHUA COUNTY SHERIFF WARRANT
PERSONNEL,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Kadeem Cordell Debose, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 seeking monetary damages relating to law enforcement's search of an apartment and seizure of a cell phone. ECF Doc. 10. After reviewing the original complaint, the Court found it failed to state a claim on which relief may be granted, as Plaintiff previously—and unsuccessfully—litigated his claims in his state criminal case. ECF Doc. 7. The Court, however, allowed Plaintiff an opportunity to clarify his allegations in an amended complaint. Plaintiff filed an amended complaint, ECF Doc. 10, which the Court has reviewed. Upon review, the undersigned finds the amended complaint continues to fail to state a claim. Therefore, the undersigned respectfully recommends the amended complaint be DISMISSED.

I. **Background**

Plaintiff's complaint names Nancy Morzouck, a detective with the Alachua County Sheriff's Office, and "Alachua County Sheriff Warrant Person[n]el" as defendants. ECF Doc. 10 at 1. The amended complaint sets forth the following factual allegations, which are accepted as true for purposes of this Report and Recommendation.

On February 27, 2019, at approximately 8:30 a.m., Plaintiff heard a knock at the door of the apartment where he was sleeping on a futon bed. When he opened the door, he "was grabbed by the wrist and pulled outside and handcuffed." Plaintiff was asked for his name, and he responded, "Kadeem Debose, and what's going on?" Plaintiff "was told the lead detective would be here soon to tell [him]."

Three or four warrant personnel entered the apartment "to do an illegal protective sweep without having a reasonable, articulable suspicion that a protective sweep is necessary due to a safety threat or the destruction of evidence." After the search was completed, Plaintiff was brought inside the apartment to wait for the detective, during which time the officers were still searching the whole apartment.

After 15 minutes of waiting, Defendant Morzouck arrived and "walked straight into the apartment without [Plaintiff's] consent." Morzouck informed Plaintiff she had a warrant for his arrest and asked if he would come to the police station to talk to her; he agreed. As Plaintiff gathered his belongings, Morzouck

asked if needed to bring his cellphone to the station to retrieve contact information. Plaintiff stated, "No, I'm okay."

As Plaintiff was being escorted to a police cruiser, Jasmine Kinsler, the leaseholder for the apartment, arrived. Morzouck told Kinsler: (1) Plaintiff's cell phone was considered abandoned property because he disavowed ownership of it; and (2) Kinsler could give Morzouck the phone since it was abandoned. Kinsler said the phone was Plaintiff's, but Morzouck advised Kinsler the phone was abandoned property and she can give the detective the phone, which Kinsler did.

Based on the foregoing, Plaintiff alleges his rights under the Fourth and Fourteenth Amendments were violated. As relief, he seeks monetary damages of $35,000.

## II.   Legal Standard

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Plaintiff's *pro se*

allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.   Discussion

### A.   Claims Against Morzouck

Plaintiff alleges Morzouck violated his constitutional rights by illegally seizing his cell phone during his arrest. Plaintiff is, however, collaterally estopped from seeking relief in this Court for the seizure of his cell phone because the state court already decided that issue and found there was no constitutional violation.

"Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must 'give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered.'" *Velasquez Andres v. Keyser*, 777 F. App'x 392, 395 (11th Cir. 2019) (quoting *Kahn v. Smith Barney Shearson Inc.*, 115 F.3d 930, 933 (11th Cir. 1997)). "The 'essential elements' of collateral estoppel in Florida are that 'the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction.'" *In re Harris*, 3 F.4th 1339, 1345 (11th Cir. 2021) (quoting *Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 945 So.2d 1216, 1235 (Fla. 2006)). However, in *Zeidwig v. Ward*, 548 So.2d 209 (Fla. 1989), the

Florida Supreme Court allowed "defensive uses of collateral estoppel in criminal-to-civil contexts without mutuality of parties[.]" *Vazquez v. Metro. Dade Cnty.*, 968 F.2d 1101, 1106 (11th Cir. 1992).

Plaintiff was arrested on February 27, 2019, and charged with unlawful sexual activity with a minor and unlawful use of a two-way communications device. *See State v. Debose*, Alachua Cnty. Circuit Court Case No. 2019 CF 000563. During the criminal case, Plaintiff moved to suppress evidence derived from the seized cell phone. He argued his rights under the Fourth and Fourteenth Amendments were violated, stating: (1) he was arrested "by warrants personnel without first gaining consent to enter"; (2) neither he nor Kinsler "provide[d] consent to enter or search the home;" and (3) Morzouck seized the phone without a warrant after telling Kinsler it was abandoned property and asking Kinsler for permission to take it. *Id.* (motion to suppress, docket entry dated March 10, 2021).[1] Judge Kreider held a hearing on the motion, at which Morzouck and Plaintiff testified. *Id.* (hearing notes, docket entry dated March 31, 2021). Judge Kreider denied the motion to suppress, finding Morzouck's testimony was credible, a warrant was unnecessary because Plaintiff abandoned the cell phone by denying ownership, and Morzouck collected the

---

[1] The state court documents identify the Defendant as "Marzouk" or "Marzouk-Brainerd." A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records in Case No. 2019 CF 563, available at https://www.alachuaclerk.org/court_records/index.cfm?section=login.

Case No. 1:23cv42-AW-HTC

abandoned cell phone after obtaining the consent of the apartment owner. *Id.* (order denying motion to suppress, docket entry dated March 31, 2021). A jury subsequently found Plaintiff guilty of both charges. *Id.* (verdict, docket entry dated March 8, 2022).

Because the state court already determined Morzouck did not violate Plaintiff's constitutional rights when she seized Plaintiff's cell phone, Plaintiff is collaterally estopped from raising those same claims here. *See Wiggins v. Rodriguez*, 2018 WL 11033032, at *4 (S.D. Fla. Apr. 24, 2018) (concluding plaintiff was precluded from bringing § 1983 claim for unlawful search and seizure because he had litigated the issue in his state criminal case via a motion to suppress and a judge denied the motion, finding no Fourth Amendment violation); *Mitchell v. McManus*, 2017 WL 1449698, at *3-4 (M.D. Fla. Apr. 21, 2017) (concluding plaintiff was collaterally estopped from re-litigating his search and seizure claim in a civil rights action after he raised the same issues in a motion to suppress in his state criminal case, which was denied). Thus, Plaintiff's claims against Morzouck should be dismissed.

**B.   Claims Against the Warrant Personnel**

Plaintiff's claims against the warrant personnel are also subject to dismissal because they are based on purely conclusory allegations, which Plaintiff has already been given an opportunity to cure. Based on Plaintiff's allegations, Morzouck and

the warrant personnel were at his apartment to execute an arrest warrant. Officers executing a valid arrest may conduct a protective sweep. *See United States v. Yeary*, 740 F.3d 569, 579 (11th Cir. 2014) ("Law enforcement officers are permitted, in the context of a valid arrest, to conduct a protective sweep of a residence for officers' safety."). The bounds of such a search may include "look[ing] in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Maryland v. Buie*, 494 U.S. 325, 334 (1990). In these adjoining areas, arresting officers are permitted to conduct "a cursory inspection of those spaces where a person may be found." *Id.*

Plaintiff admits he was arrested in the doorway of an apartment where he was staying on a futon bed in the living room. While he alleges the warrant personnel searched the whole apartment, he does not allege any facts to show that these officers went beyond the areas necessary to ensure that no other persons were in the apartment who could pose a threat to officers. Despite being given a chance to amend his complaint, Plaintiff provides no details of the search, such as where the officers went, what objects or spaces they explored, or how long the search lasted.

Instead, Plaintiff merely alleges the officers did not have a reasonable suspicion or need for a protective sweep. Such a conclusory allegation is insufficient to state a claim against the warrant personnel. *See Dalewood Holding LLC v. City of Baldwin Park*, 859 F. App'x 62, 63 (9th Cir. 2021) (finding single conclusory

allegation that "[t]he City, by and through its code enforcement officials[,] have [sic] continuously come onto the property, without an administratuve [sic] warrant or consent of [Dalewood], and entered areas not open to the public, in order to investigate and search the property," "insufficient to survive a motion to dismiss—it does not allege how the search was conducted or what specific area of the property was searched."); *Gutierrez v. Cobos*, 2014 WL 12797234, at *9 (D.N.M. Mar. 26, 2014) (finding "conclusory allegation that 'Defendants' search of Ms. Gutierrez' truck after her arrest, without a warrant, without her consent, and in the absence of exigent circumstances, was a violation of her constitutional rights'" as insufficient to survive a motion to dismiss).

Accordingly, it is respectfully RECOMMENDED that:

1. This action be DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(2) because Plaintiff fails to state a claim on which relief may be granted.

2. The clerk be directed to close the file.

At Pensacola, Florida this 20th day of June, 2023.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 1:23cv42-AW-HTC